# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOAN HELENE RAMOS,<br>    Plaintiff(s),<br>v.<br>TREVOR WILLIAM RATCHFORD,<br>    Defendant(s). | Case No. 2:24-cv-02269-RFB-NJK<br>**Order**<br>[Docket No. 28] |

Pending before the Court is Plaintiff's barebones motion to strike a defense expert's opinion and for other related sanctions. Docket No. 28.

"The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court." *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Counsel should be particularly mindful to submit well-developed and well-supported argument when they are seeking significant relief from the Court. *See, e.g.*, *Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015).

The pending motion seeks "sanctions, at a minimum, that Dr. Lee's expert report be stricken, that Dr. Lee be excluded from testifying at trial, and that Defendant is precluded from contesting Joan's injuries and medical treatment at trial." Docket No. 28 at 7. The sole legal authority identified in support of this significant relief is a block quotation to a <u>state court</u> rule about sanctions for disobeying a judicial <u>order</u>. *See id.* at 3. As the top of this page should highlight, this case is not proceeding in state court, and no explanation is provided as to how a state court rule would apply here. *Cf.* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court"). Even were that not the case, a single block quotation to a rule does not satisfy the bare requirement of providing points and authorities in compliance with Local Rule 7-2(a). *Cf. Rosetto v. HSBC Bank USA, N.A.*, 2013 WL 2153100, at *2 (D. Nev. May

1

15, 2013).  Making matters worse, the motion identifies no legal authority and provides no meaningfully developed argument as to how the cited rule could suffice for the sanctions sought as there was admittedly no order that was violated.  *See* Docket No. 28 at 3 (arguing without citation that an order is not required).[1]  At bottom, the instant motion does not provide legal analysis or argument, but is instead the written equivalent of counsel pounding their fists on the table.  Such an approach is contrary to the rules and case law that govern motion practice in this courthouse.

Accordingly, the pending motion is **DENIED** without prejudice.  Counsel must familiarize themselves with federal court practice and ensure that they file motion practice moving forward supported by meaningfully developed argument and by citation to applicable legal authority.

IT IS SO ORDERED.

Dated: August 11, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The motion similarly declares that the defense expert engaged in "blatant violations of discovery rules," Docket No. 28 at 7, without ever identifying any such rules.

2